**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ANTHONY E. MCAFEE, SR.,

      Plaintiff–Appellant,

v.

WARDEN PLOUGH; and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Defendants–Appellees.

No. 10-1275
(D.C. No. 1:09-CV-00833-ZLW)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

      Anthony McAfee, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to contest the district court's denial of his Federal Rule of Civil Procedure 60(b) motion. Because the district court did not have jurisdiction, we deny McAfee's request and remand to the district court.

---

      [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

McAfee was found guilty in 2000 of four charges relating to an incident in which he drove his car into a telephone pole, killing one of his passengers and seriously injuring the other. After being denied relief by the Colorado Court of Appeals on both direct appeal and collateral review, McAfee filed a 28 U.S.C. § 2254 habeas petition in federal district court on April 10, 2009. Finding his petition time-barred under 28 U.S.C. § 2244(d), the district court denied the petition. McAfee then filed another pleading, which the district court construed as a motion to reconsider under Federal Rule of Civil Procedure 59(e) and denied. McAfee filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court once again denied relief. Finally, McAfee filed another Rule 59(e) motion and the district court denied him reconsideration. McAfee now seeks a COA to appeal the latter two orders.

## II

A litigant must obtain a COA to appeal the denial of a Rule 60(b) motion seeking to reopen a § 2254 proceeding. See Spitznas v. Boone, 464 F.3d 1213, 1217-18 (10th Cir. 2006). However, before turning to the appropriateness of a COA, we must first determine whether McAfee's Rule 60(b) motion is actually a "second or successive" habeas petition over which the district court would lack jurisdiction absent prior authorization from this court. See 28 U.S.C. § 2244(b)(3)(A). Distinguishing between a true Rule 60(b) motion and a second or successive habeas petition turns on the "relief sought, not [the] pleading's title." United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). If a petitioner seeks "relief from the conviction or sentence," his claim is a

successive habeas petition. Id. at 1147. The same is true if the motion claims that the district court erred on the merits of the habeas petition. See Gonzalez v. Crosby, 545 U.S. 532, 530-32 (2005). However, if a pleading attacks "some defect in the integrity of the federal habeas proceedings," it should not be treated as a successive petition. Id.

McAfee's Rule 60(b) motion does not attack the district court's handling of his habeas petition. As he did in his initial habeas petition, McAfee outlines the failings of his appellate counsel. Even liberally construing his Rule 60(b) motion and his subsequent motion for reconsideration, see Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998) (pro se pleadings should be liberally construed), we cannot discern any claim that attacks the integrity of the federal habeas proceedings themselves, and his petition thus remains within the ambit of 28 U.S.C. § 2244(b).

Because his Rule 60(b) motion is actually a successive habeas petition, McAfee must seek leave from this court "authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A). Absent our authorization, the district court does "not even have jurisdiction to deny the relief sought in the pleading." Nelson, 465 F.3d at 1148. Thus, the district court should never have reached the merits of the Rule 60(b) motion.

### III

For the foregoing reasons, we **DENY** McAfee's application for a COA. We **VACATE** the district court's judgment and **REMAND** the case to the district court to dismiss for lack of jurisdiction, or to transfer the motion to this court as a request to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(4).

Because McAfee has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991), we also **DENY** his motion to proceed in forma pauperis.

Entered for the Court,

Carlos F. Lucero
Circuit Judge