FILED
United States Court of Appeals
Tenth Circuit

June 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES LEO WASHINGTON, III,

Defendant-Appellant.

No. 11-6073
(D.C. Nos. 5:10-CV-00262-F and
5:08-CR-00250-F-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Mr. James Leo Washington pleaded guilty to being a felon in possession of

a firearm and ammunition, 18 U.S.C. § 922(g)(1), and was sentenced to 180

months in prison. One year later, he filed a motion under 28 U.S.C. § 2255

alleging that his trial counsel was ineffective for not filing a direct appeal as Mr.

Washington requested. During an evidentiary hearing, Mr. Washington's former

counsel, Fred Staggs, testified that Mr. Washington never instructed him to file an

appeal. In fact, Mr. Staggs testified that, following sentencing, he had

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

specifically asked Mr. Washington whether he wanted to appeal, but Mr. Washington had said no. Finding counsel's testimony more credible than that of Mr. Washington, the district court concluded that Mr. Washington's ineffective assistance claim lacked merit. Mr. Washington now seeks from us a certificate of appealability ("COA") to challenge the district court's disposition. He argues that the district court's credibility finding was clearly erroneous.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation omitted).

Having reviewed the record, we do not believe a COA is warranted in this case. Mr. Washington offers us no good reason to believe the district court clearly erred in believing Mr. Staggs's testimony over that of Mr. Washington. *See United States v. Wiseman*, 297 F.3d 975, 978 (10th Cir. 2002) ("This court reviews the district court's . . . findings of fact for clear error." (internal quotation omitted)). No doubt Mr. Staggs acknowledged the possibility of a miscommunication between him and Mr. Washington. But this did not preclude the district court from crediting Mr. Staggs's testimony that Mr. Washington told

him not to file an appeal.  Because no reasonable jurist could doubt the correctness of the district court's ruling, the application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge