FILED
United States Court of Appeals
Tenth Circuit

October 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES LEO WASHINGTON, III,

Defendant-Appellant.

No. 13-6131
(D.C. Nos. 5:10-CV-00262-F &
5:08-CR-00250-F-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

James Leo Washington, III, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's decision construing

his "Notice of Agency Error in Violation of Substantive & Common Law Jural

Rights for Actual and Due Legal Notice & Redress" as an unauthorized second or

successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction. We

deny a COA and dismiss this matter.

In October 2008, Mr. Washington pleaded guilty to possession of a firearm

and ammunition after prior conviction of a felony. He was sentenced pursuant to the

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Armed Career Criminal Act (ACCA) to the mandatory minimum sentence of 180 months' imprisonment. He did not file a direct appeal. In March 2010, he filed a § 2255 motion to vacate, set aside or correct his conviction and sentence. The district court denied the motion, and we denied his request for a COA. *See United States v. Washington*, 425 F. App'x 735, 735-36 (10th Cir. 2011).

In April 2013, Mr. Washington filed a "Notice of Agency Error in Violation of Substantive & Common Law Jural Rights for Actual and Due Legal Notice & Redress." R., Vol. 1 at 31. The district court construed the "Notice" as an attempt to file a second or successive § 2255 motion without prior authorization and dismissed it for lack of jurisdiction. Mr. Washington now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Washington must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Although Mr. Washington's "Notice" does not indicate that it is filed pursuant to § 2255, "[i]t is the relief sought, not [the] pleading's title, that determines whether

the pleading is a § 2255 motion," *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). In his "Notice," Mr. Washington contends that he should not have been sentenced pursuant to the ACCA, and asks the court to "correct these prior sentencing errors," because his sentence was imposed "in apparent violation of federal law." R., Vol. 1 at 31-32. Mr. Washington's contention that his sentence violates federal law and should be vacated is properly the subject of a § 2255 motion. *See Nelson*, 465 F.3d at 1148 (explaining that "[a] § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation . . . of the laws of the United States").

The district court recognized that Mr. Washington was seeking to vacate his sentence through the filing of his "Notice," and that therefore his pleading constituted a second or successive § 2255 motion for which he had not received the proper authorization. Reasonable jurists could not debate that the district court was correct in its procedural ruling to dismiss Mr. Washington's "Notice" for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Mr. Washington's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Elisabeth A. Shumaker

ELISABETH A. SHUMAKER, Clerk

- 3 -