FILED
United States Court of Appeals
Tenth Circuit

April 29, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

WENDEL ROBERT WARDELL, JR.,

Defendant–Appellant.

No. 13-1152
(D.C. Nos. 1:09-CV-02374-REB and
1:03-CR-00415-REB-1)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Appellant Wendel Wardell seeks a certificate of appealability to appeal the district

court's denial of his 28 U.S.C. § 2255 habeas petition.

Appellant was convicted on several counts of tax fraud and sentenced to a total of

ninety-six months' imprisonment. A panel of this court affirmed his conviction and

sentence on appeal. *United States v. Wardell*, 218 F. App'x 695 (10th Cir. 2007).

Appellant then filed a § 2255 habeas petition in which he raised numerous claims of

ineffective assistance of trial and appellate counsel. The district court denied his petition

in a thirty-six-page decision. The district court also ruled Appellant was not entitled to an

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidentiary hearing because he had not alleged facts that would entitle him to relief if proven. *See Townsend v. Sain*, 372 U.S. 293, 312 (1963).

In his application for a certificate of appealability, Appellant first argues this court erred in denying his request to exceed the page limit for his opening brief. Appellant then contends the district court erred in denying his habeas petition without conducting an evidentiary hearing, and he raises several arguments relating to the merits of the district court's decision. Appellant also argues the district court erred in denying various evidentiary requests Appellant made in the habeas proceedings.

We are not persuaded by any of these arguments. We see no merit to Appellant's argument that his constitutional rights have been denied by this court's refusal to permit him to exceed the page limits for his opening brief. On the merits of Appellant's arguments, we note Appellant has identified one factual error in the district court's decision. One of Appellant's habeas claims was that his trial attorney provided ineffective assistance by abandoning an earlier motion to sever Appellant's trial from that of his co-defendant, Carl Pursley. In ruling on this habeas claim, the district court stated Appellant had filed a renewed motion for severance, which the district court denied, and this denial was affirmed by the Tenth Circuit in Mr. Pursley's appeal. *United States v. Pursley*, 474 F.3d 757 (10th Cir. 2007). Based on these facts, the district court reasoned that Appellant could not demonstrate prejudice caused by trial counsel's failure to pursue the request for severance. In fact, as Appellant points out, the renewed motion for severance was apparently filed only by Mr. Pursley, and thus the district court erred in

attributing this motion to Appellant. However, we are not persuaded this minor error calls the district court's conclusion into question. We are not convinced Appellant's case for severance was so much stronger than his co-defendant's that he would likely have succeeded in obtaining the requested severance if a motion had been filed by his attorney rather than Mr. Pursley. We accordingly agree with the district court that Appellant has not demonstrated prejudice based on trial counsel's decision not to pursue severance. Likewise, after carefully reviewing the record and Appellant's filings on appeal, we see no error in the district court's analysis of Appellant's other claims. Reasonable jurists would not debate the correctness of the district court's thorough analysis of each of Appellant's claims, nor would reasonable jurists debate the court's conclusion that Appellant is not entitled to an evidentiary hearing. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We also see no error in the district court's rulings on Appellant's various evidentiary requests. Therefore, for substantially the same reasons given by the district court, we **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

Appellant has also filed a motion to supplement the record on appeal with approximately one hundred pages of material, almost all of which does not appear to have been part of the record before the district court. We are not persuaded the circumstances of this case fall within the "rare exception" justifying the exercise of our inherent equitable power to supplement the record on appeal with new material, *United States v. Kennedy*, 225 F.3d 1187, 1992 (10th Cir. 2000), and we accordingly **DENY** Appellant's

motion to supplement the record on appeal.

Appellant's motion to proceed *in forma pauperis* on appeal is **GRANTED**. All other requested relief is **DENIED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge