FILED
United States Court of Appeals
Tenth Circuit

November 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WENDEL ROBERT WARDELL, JR.,

Defendant - Appellant.

No. 14-1224
(D.C. Nos. 1:03-CR-00415-REB-1 &
1:09-CV-02374-REB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **MATHESON**, and **BACHARACH**, Circuit Judges.

Wendel Robert Wardell, Jr., a federal prisoner proceeding pro se, seeks to
appeal the district court's dismissal of his Fed. R. Civ. P. 60(b)(6) motion as an
unauthorized second or successive 28 U.S.C. § 2255 motion. *See* 28 U.S.C.
§ 2255(h) (placing restrictions on second or successive § 2255 motions and requiring
circuit court authorization to proceed in district court). We deny a certificate of
appealability (COA) and dismiss this proceeding.

Mr. Wardell was convicted by a jury in 2005 of several tax-fraud offenses and
subsequently sentenced to ninety-six months' imprisonment. This court affirmed his

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction and sentence on direct appeal. *United States v. Wardell*, 218 F. App'x 695 (10th Cir. 2007). He then filed in district court a § 2255 motion in which he raised numerous claims of ineffective assistance of trial and appellate counsel. The district court denied relief in a lengthy, well-reasoned order that examined each of Mr. Wardell's fourteen claims of error. While Mr. Wardell's appeal from the district court's denial of § 2255 relief was pending in this court, he filed a Rule 60(b)(6) motion in district court to set aside the court's order denying § 2255 relief. This court upheld the district court's denial of § 2255 relief to Mr. Wardell and denied his request for a COA. *United States v. Wardell*, 564 F. App'x 418 (10th Cir. 2014). Shortly thereafter, the district court dismissed Mr. Wardell's Rule 60(b)(6) motion for lack of jurisdiction on the grounds that he was attempting to assert unauthorized second or successive § 2255 claims without having obtained authorization from this court to do so.

Mr. Wardell now requests a COA from this court. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that [28 U.S.C.] § 2253 requires petitioner to obtain a COA before he or she may appeal."). To obtain a COA, Mr. Wardell must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). This court must determine whether Mr. Wardell's post-conviction motion should be treated as a second or successive § 2255 motion, and therefore subject to the authorization requirements of § 2255(h). It is subject to the authorization requirements of a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). But authorization under § 2255(h) is not required "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

It is beyond cavil that the district court's determination that Mr. Wardell's Rule 60(b)(6) motion should be viewed as a § 2255 motion was correct. First, Mr. Wardell's motion was devoted primarily to re-arguing the issues he raised in his § 2255 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). Second, his allegations of government misconduct or fraud were not linked to the integrity of the § 2255 proceeding itself, but instead attacked the integrity of the underlying trial. And last, his request to present newly discovered evidence was not the proper subject of a Rule 60(b) motion "because [it] assert[ed] or reassert[ed] a federal basis for relief from the underlying conviction." *Spitznas*, 464 F.3d at 1216.

Mr. Wardell's application for a COA is denied and this matter is dismissed. We also deny Mr. Wardell's motion to proceed on appeal without prepayment of

costs or fees because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk