**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 06-6071

ALTON RAY NELSON, JR.,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE W. DISTRICT OF OKLAHOMA**
**(D.C. NOS. 05-CV-101-R and 03-CR-145-R)**

Submitted on the brief:[*]

Alton Ray Nelson, Jr., pro se.

Leslie M. Maye, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff - Appellee.

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Alton Ray Nelson Jr. has filed a notice of appeal from the district court's order denying his motion under Fed. R. Civ. P. 15 to amend and supplement his previously denied motion for a writ of habeas corpus under 28 U.S.C. § 2255. Because the motion must be treated as a successive motion for relief under § 2255, we vacate the district court's order for lack of subject-matter jurisdiction, construe Mr. Nelson's notice of appeal and appellate briefs as an implied application for authorization to file another § 2255 motion, and deny authorization.

## I.    BACKGROUND

Mr. Nelson pleaded guilty in the United States District Court for the Western District of Oklahoma to a drug offense under 21 U.S.C. § 841(a)(1). Judgment was entered on January 30, 2004.  He did not file a direct appeal.  On January 27, 2005, however, his attorney filed a motion under § 2255, arguing that his sentence violated *United States v. Booker*, 543 U.S. 220 (2005), and requesting "that the court . . . re-sentence him to a more reasonable sentence." R. Doc. 304 at 2.  The district court denied the motion on February 1, 2005, holding that Mr. Nelson could obtain no relief under *Booker* because "new rules of criminal procedure such as that announced in *Booker* are applied retroactively only to cases pending on direct review or cases that are not yet final."  R. Doc. 306 at 1.  The judgment in Mr. Nelson's case had become final when he failed to

-2-

file a notice of appeal within 10 days after it had been entered, "long before the *Booker* decision was rendered." *Id.*

Mr. Nelson did not attempt to appeal the denial of his § 2255 motion. But 10 months later, on December 12, 2005, he filed a pro se pleading entitled "Motion for Leave to Supplement Record Pursuant to Fed. R. Civ. P. Rule 15(a) & (b)." R. Doc. 312 at 1. The pleading requested "leave to Amend and Supplement Pleading of his original Section 2255," *id.*, and raised three contentions: (1) that he was denied effective assistance of counsel at sentencing; (2) that the district court erroneously denied him a downward departure for acceptance of responsibility; and (3) that the district court violated *Booker* by sentencing him on the basis of facts that were not charged in the indictment and neither admitted by him nor proved to a jury beyond a reasonable doubt. The district court denied the motion on December 15, ruling that Mr. Nelson had not cited "authority or justification for the Court to set aside" its prior judgment of February 1, 2005. R. Doc. 313 at 1. Mr. Nelson filed a notice of appeal on February 9, 2006.

## II.    DISCUSSION

A prisoner may not file a "second or successive" motion under § 2255 unless it is "certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 ¶ 8.

Until recently there was occasional doubt concerning what type of pleading constitutes such a second or successive motion. The Supreme Court clarified the matter in *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005). *See Spitznas v. Boone*, No. 05-6236 (10th Cir. filed Sept. 29, 2006) (elaborating on implications of *Gonzalez* in § 2254 cases). The opinion specifically addressed motions under Fed. R. Civ. P. 60(b) after denial of an application under 28 U.S.C. § 2254. The Court said that whether a postjudgment pleading should be construed as a successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself. A pleading asserting a "new ground for relief" from the state judgment is advancing a new claim and is therefore treated as a successive § 2254 application. *Id.* at 2648. On the other hand, if the pleading only "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then it is not advancing a new claim and should not be characterized as a successive petition. *Id.*

*Gonzalez* addressed the interplay of § 2254 and Fed. R. Civ. P. 60(b), whereas this case involves § 2255 and a motion ostensibly under Fed. R. Civ.

-4-

P. 15.  But the same mode of analysis applies.  The analysis in *Gonzalez* rested on Rule 11 of the Rules Governing Section 2254 Cases, which states, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules," and Fed. R. Civ. P. 81(a)(2), which states, "These rules are applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings, and have heretofore conformed to the practice in civil actions."  *See Gonzalez*, 125 S. Ct. at 2646.  The Supreme Court held that the restrictions on § 2254 applications set forth in 28 U.S.C. § 2244(b) required the limitations it imposed on Rule 60(b) motions.  Similarly, our analysis must rest on Fed. R. Civ. P. 81(a)(2) and Rule 12 of the Rules Governing Section 2255 Proceedings, which states, "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied in a proceeding under these rules."

To what extent, then, is Mr. Nelson's right to file his motion in district court limited by the restrictions on successive § 2255 motions?  The pertinent provisions of § 2255 state:

> A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the ground

that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

. . .

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Under Rule 9 of the Rules Governing Section 2255 Proceedings, "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." In other words, a second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002); *Spitznas*, No. 05-6236, slip op. at 2. As a result, if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.

We begin our analysis by construing Mr. Nelson's motion. He entitles it a motion to amend under Fed. R. Civ. P. 15. But the motion was filed after judgment, and we have held that "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (internal quotation marks omitted). Because Mr. Nelson was proceeding pro se, we will construe his motion liberally, *see Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003), and treat it as a combination of a motion to set aside judgment under Rule 60(b) (the motion was too late to invoke Rule 59(e), *see* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006)) and a motion to then amend under Rule 15. Thus, our issue echoes the issue in *Gonzalez*, with the limitations in § 2255 replacing the limitations in § 2254 considered by *Gonzalez*.

In our view, to permit the filing of Mr. Nelson's motion in district court without prior certification from this court—even if somehow the motion could pass muster under the Federal Rules of Civil Procedure—would be inconsistent with § 2255's restrictions on second or successive motions. A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was

-7-

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Mr. Nelson is undoubtedly seeking to file such a motion.  He is not asserting any procedural error in the disposition of his original habeas motion.  Rather, he wishes to amend his complaint to allege that his sentence was unlawful.  It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion.  *See Gonzalez*, 125 S. Ct. at 2647 (Rule 60(b) motion seeking leave to present omitted claim of constitutional error is properly treated as successive habeas petition under § 2254); *Torres*, 282 F.3d at 1246 ("Indeed, to allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.").  As stated by the Seventh Circuit, "The reasoning of *Gonzalez* does not depend on which rule the prisoner invokes . . . ." *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (characterizing motion for grand jury materials under Fed. R. Crim. P. 6(e) as a second or successive § 2255 application and applying *Gonzalez* rule).  And because judgment has been entered on Mr. Nelson's first § 2255 motion, it cannot be disputed that this is a second or successive § 2255 motion.  (We need not consider whether a *prejudgment* motion to amend a § 2255 motion

should ever be treated as a second or successive motion. *See Johnson v. United States*, 196 F.3d 802, 804-05 (7th Cir. 1999) (prejudgment motion to amend petition is not a second or successive petition).)

We recognize that we have held that a district court "should only recharacterize a motion as a § 2255 petition where (1) the petitioner, having been made aware of the risks associated with recharacterization, assents, or (2) the district court concludes that the petitioner's motion can only be considered under § 2255 and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Torres*, 282 F.3d at 1245 (internal quotation marks omitted). This rule allows a prisoner the option of forgoing his motion until later, so that it does not "prevent [him] from raising a legitimate claim in a subsequent § 2255 petition." *Id.* at 1246. But we have also held that the reason for this restriction on recharacterization "does not apply where, as in this case, the petitioner previously filed a § 2255 petition." *Id.* If the prisoner has filed once, any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third.

Because Mr. Nelson's pleading constituted a second motion for habeas relief under § 2255, the district court lacked subject-matter jurisdiction over the matter. *See id.* (construing petition for writs of error *coram nobis* and *audita querela* as successive § 2255 motion and holding that the district court therefore

lacked subject-matter jurisdiction over the claim). We therefore vacate its ruling. We will, however, treat Mr. Nelson's notice of appeal and appellate brief as an implied application to this court for leave to file a second § 2255 motion. *See id.* But he has failed to satisfy the requirements for a second motion. He alleges neither newly discovered evidence nor a new rule of law that applies retroactively. *See* § 2255 ¶ 8. We deny leave to file a second motion.

## III.  CONCLUSION

We VACATE the judgment of the district court and DENY Mr. Nelson's implied application for leave to file a second § 2255 motion. We also DENY Mr. Nelson's motion to proceed *in forma pauperis*.

-10-