FILED
United States Court of Appeals
Tenth Circuit

July 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HERMAN TRACY CLARK,

          Plaintiff - Appellant,

v.

MICHAEL T. OAKLEY; OKLAHOMA
DEPARTMENT OF CORRECTIONS,

          Defendants - Appellees.

No. 13-6050

(D.C. No. 5:11-CV-00946-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Pro se plaintiff Herman T. Clark appeals the district court's denial of his motion to reopen the time to appeal under FED. R. APP. P. 4(6). But no such rule exists. Because Mr. Clark was pro se, the district court liberally tried to figure out what he meant. Thinking he meant to invoke FED. R. APP. P. 4(a)(5), the court viewed the motion as late. We respectfully think Mr. Clark meant to invoke a different rule: FED. R. APP. P. 4(a)(6). Thus, we remand for consideration of Mr. Clark's motion under Rule 4(a)(6).

---

[*]    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But this order and judgment may be cited for its persuasive value under the terms of FED. R. APP. 32.1 and 10TH CIR. R. 32.1.

I.    Mr. Clark's Suit, the Dismissal, and the Aftermath

Mr. Clark sued the Oklahoma Department of Corrections and Michael Oakley, and the district court ordered dismissal on August 21, 2012. R. 226-27. The court clerk's office mailed a copy of the order and the judgment to Mr. Clark, but the documents were returned as undeliverable. *Id.* at 5. Although Mr. Clark submitted a change of address form in early September 2012, he claims he did not receive a copy of the dismissal until January 10, 2013. *Id.*

Twelve days later and fewer than 180 days after the judgment, Mr. Clark filed a motion entitled "Motion to Reopen the Time to File an Appeal." *Id.* at 229. In doing so, he cited "Rule 4(6)." *Id.* The district court construed his motion as a request for additional time under FED. R. APP. P. 4(a)(5) and denied it as untimely. *Id.* at 232-33.

Mr. Clark then appealed the underlying judgment to this Court. *Id.* at 6. Because Mr. Clark did not challenge the denial of his motion to reopen the appeal deadline, we dismissed the initial appeal on timeliness grounds. *Clark v. Oakley*, No. 13-6024 (10th Cir. Feb. 15, 2013). This dismissal led Mr. Clark to appeal again, this time for the denial of his motion to reopen his time to appeal.

II.    The Denial of Mr. Clark's Motion to Reopen Time to Appeal

In reviewing the denial of a motion to reopen the time to file an appeal, we reverse only if the district court has abused its discretion. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

2

Because Mr. Clark was proceeding pro se, the district court had to liberally construe his motion. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). In doing so, the district court construed the "Motion to Reopen the Time to File an Appeal" as a request for additional time to appeal under FED. R. APP. P. 4(a)(5).[1] Because Mr. Clark filed the motion more than 30 days after his right to appeal had expired, the court found it lacked "authority to grant the requested extension" under Rule 4(a)(5). R. 233. This statement of the law was correct.

But we do not think Mr. Clark was trying to invoke this rule. He referred instead to "Rule 4(6)." *Id.* at 229. Though no such rule exists, there is a Rule 4(a)(6). And the title for this rule ("Reopening the Time to File an Appeal") matches the title of Mr. Clark's motion ("Motion to Reopen the Time to File an Appeal"). We think Mr. Clark was trying to invoke this rule rather than Rule 4(a)(5). As a result, we respectfully conclude that the district court was obligated to interpret the motion as one under Rule 4(a)(6).

Under Rule 4(a)(6), the district court would have had discretion to reopen Mr. Clark's time to appeal. FED. R. APP. P. 4(a)(6); *see* 28 U.S.C. § 2107(c) (2006). Under this rule, his motion may have been timely because the judgment had been entered within 180 days and he states that he had received the order only 12 days earlier. R. 229. Thus, the district court would have had discretion to

---

[1] FED. R. APP. P. 4(a)(5) states in part: "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after [the right to appeal] expires; and (ii) . . . that party shows excusable neglect or good cause."

3

reopen the appeal deadline if it found that: (1) Mr. Clark did not receive notice of the judgment until January 10, 2013, and (2) reopening would not prejudice the defendants. *See* 28 U.S.C. § 2107(c) (2006); FED. R. APP. P. 4(a)(6). In these circumstances, we think the district court should have considered the motion under Rule 4(a)(6) rather than Rule 4(a)(5).

III.    Conclusion

We vacate the district court's denial of Mr. Clark's motion to reopen the time to file an appeal and remand with instructions to reconsider Mr. Clark's motion under FED. R. APP. P. 4(a)(6). *See* 28 U.S.C. § 2107(c) (2006).


Entered for the Court


Robert E. Bacharach
Circuit Judge

4