FILED
United States Court of Appeals
Tenth Circuit

July 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM GENE EATON,

Defendant - Appellant.

No. 13-6106

(D.C. No. 5:98-CR-00183-R-1)

(W.D. Oklahoma)

**ORDER**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Defendant William Gene Eaton appeals the district court's order denying his motion under Fed. R. Civ. P. 60(b). Because his motion must be treated as a successive motion for habeas relief under 28 U.S.C. § 2255, we vacate the district court's order for lack of subject-matter jurisdiction, construe Defendant's notice of appeal and appellate brief as an application for authorization to file a successive § 2255 motion, and deny authorization.

**I.    BACKGROUND**

On March 24, 1999, Defendant was sentenced to life imprisonment by the United States District Court for the Western District of Oklahoma after being convicted of bank robberies and related crimes. The convictions and sentence were affirmed on appeal. Defendant filed his first 28 U.S.C. § 2255 motion in

July 2000, arguing that his counsel was ineffective for various reasons, including that he failed to seek dismissal of the charges on the ground that the indictment was untimely filed. The district court denied that motion, ruling, among other things, that the indictment was timely. This court denied a certificate of appealability. In March 2005 Defendant filed his second § 2255 motion, which the district court treated as an application for authorization to file a second or successive § 2255 motion and transferred to this court. We denied authorization. Since then, Defendant has filed numerous motions in district court seeking postconviction relief, none of which has been successful in district court or this court.

This appeal concerns Defendant's April 8, 2013, motion under Fed. R. Civ. P. 60(b). The motion argues that the district court lacked subject-matter jurisdiction to convict him because he was untimely indicted. The district court denied the motion because it merely reiterated a prior Rule 60(b) motion that had been denied.

II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner cannot file a "second or successive" motion under § 2255 unless it is "certified . . . by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive

-2-

to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The Supreme Court has explained that a Rule 60(b) motion should be construed as a successive habeas petition if it (1) "seeks to add a new ground for relief," or (2) "attacks the federal court's previous resolution of a [habeas] claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). But a Rule 60(b) motion is not a successive petition if it attacks "some defect in the integrity of the federal habeas proceedings." *Id.* Although *Gonzalez* dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006).

Because Defendant proceeded pro se, we construe his motion liberally. *See id.* at 1148. The motion does not challenge the integrity of the habeas proceeding. Rather, it attacks the district court's prior resolution of a habeas claim on the merits. It therefore constitutes a successive § 2255 motion and the district court lacked jurisdiction to consider it. *See id.* at 1149. Accordingly, we vacate the order below. *See id.*

We may, however, treat Defendant's notice of appeal and appellate brief as an application to file a successive § 2255 motion. *See id.* But because he has alleged neither newly discovered evidence nor a new rule of law that applies retroactively, we deny the application.

-3-

**III. CONCLUSION**

We VACATE the district court's order for lack of jurisdiction. We DENY Defendant's application for authorization to file a successive § 2255 motion and his motion to amend.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge