**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROGELIO LOPEZ-AHUMADO,

    Defendant - Appellant.

No. 14-4073
(D.C. No. 1:05-CR-00112-DAK-2)
(D. Utah)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Rogelio Lopez-Ahumado, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's decision denying his "Motion to Vacate or Amend Judgment Pursuant to Rule 36, In Pari Materia to Rule 60(b) Fed. R. Civ. Proc." We deny a COA.

In 2005, Mr. Lopez-Ahumado entered a guilty plea to possession with intent to distribute methamphetamine. He was sentenced to 262 months' imprisonment. In 2009, he filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence, which the district court denied.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Earlier this year, Mr. Lopez-Ahumado filed the motion that is the subject of this proceeding. In the motion, which he characterizes in his appellate brief as a "Rule 60(b) motion to Vacate," Aplt. Opening Br. at 1, he argued that he was entitled to relief from his sentence based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The government filed a motion to dismiss, arguing a number of alternative bases for dismissing Mr. Lopez-Ahumado's motion, including that the motion should be considered an unauthorized second or successive § 2255 motion and dismissed for lack of jurisdiction. The district court entered an order granting the motion to dismiss for all of the reasons stated by the government.

To appeal the district court's decision, Mr. Lopez-Ahumado must obtain a COA. To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A district court lacks jurisdiction to hear a second or successive § 2255 motion unless the motion has been authorized by a court of appeals. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). To avoid this constraint, prisoners occasionally try to disguise a second or successive § 2255 motion as a motion brought pursuant to Fed. R. Civ. P. 60(b). "[W]hether a postjudgment pleading should be construed as a successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the

previously conducted habeas proceeding itself." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006).

Although Mr. Lopez-Ahumado argues in his COA application that the district court erred in dismissing his motion because it was properly brought under Rule 60(b), reasonable jurists could not debate that the motion was an unauthorized second or successive § 2255 motion. In his Rule 60(b) motion, Mr. Lopez-Ahumado explained that his motion was "appropriate for addressing errors of law by the Court." R., Vol. 1 at 86. He then proceeded to attack the validity of his sentence, arguing that it was unconstitutional in light of the Supreme Court's decision in *Alleyne*, that the sentencing enhancements for drug quantity and criminal history were invalid because the government failed to file a notice of sentencing enhancement under 21 U.S.C. § 851, and that his counsel was ineffective for failing to raise the § 851 issue. *See* R., Vol. 1 at 90-96. He did not assert any procedural error in the disposition of his original § 2255 motion. Under these circumstances, Mr. Lopez-Ahumado's Rule 60(b) motion is properly construed as an unauthorized second or successive § 2255 motion, which the district court was correct to dismiss.

Accordingly, we deny a COA. We grant Mr. Lopez-Ahumado's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -