FILED
United States Court of Appeals
Tenth Circuit

July 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

SEAN MICHAEL SCOTT,

     Defendant - Appellant.

No. 14-1493
(D.C. No. 1:11-CR-00068-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Sean Scott pled guilty to two child pornography possession counts in the U.S. District Court for the District of Colorado and was sentenced to 120 months of imprisonment in February 2012. He did not appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In January 2013, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion, and Defendant again did not appeal.

In August 2014, Defendant filed a document entitled "Motion Factually Challenging the Plaintiff's Standing and the Subject Matter Jurisdiction of the Court Under Article III, Section 2 of the Constitution for the United States of America[,] Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3)." (R. at 291 (capitalization standardized).) The district court denied this motion, finding that it sought no cognizable form of relief. Defendant now seeks to appeal the denial of his motion.

In his motion, Defendant contends his conviction must be vacated for lack of Article III standing. When a prisoner files a second post-judgment motion after judgment has already been entered on an initial § 2255 motion, the motion "is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction." *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Defendant's instant motion falls under this rule—it is a second post-judgment motion which asserts claims of error in his conviction and seeks relief which may only be granted pursuant to § 2255. His motion must therefore be treated as a successive § 2255 motion, regardless of how it was labelled.

"[A] second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court. As a result, if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even

2

have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). Thus, the district court lacked jurisdiction to rule on Defendant's second motion for relief from his conviction.

As we did in *Nelson*, we will treat Defendant's notice of appeal and appellate brief as an implied application to this court for leave to file a successive § 2255 motion. *See id.* at 1149. We may grant such authorization only if the successive § 2255 motion demonstrates either (1) newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Defendant's motion satisfies neither of these conditions, and we therefore **DENY** his implied request for leave to file a successive § 2255 motion. Because the district court lacked jurisdiction to rule on his unauthorized successive § 2255 motion, we **VACATE** the district court's judgment. Defendant's motion to proceed *in forma pauperis* on appeal is **GRANTED**. The government's motion to dismiss is **DENIED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

3