**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

    Defendant - Appellant.

No. 18-6114
(D.C. Nos. 5:18-CV-00171-F &
5:06-CR-00180-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Michael Dwight Norwood, a federal prisoner appearing pro se, seeks a certificate

of appealability (COA) to appeal the district court's order denying his motion for relief

under Fed. R. Crim. P. 36, which the district court construed as an unauthorized second

or successive motion attacking his sentence under 28 U.S.C. § 2255. Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2553(a), we deny the application for a COA

and dismiss this matter.

Norwood entered a guilty plea to three counts of distribution of methamphetamine

and one count of felon in possession of a firearm. He was sentenced to 360 months'

imprisonment on counts 1 and 2, life imprisonment on count 3, and 120 months'

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment on count 4, with all terms to run concurrently.  Norwood appealed, and this court affirmed his sentence.

Thereafter, Norwood began a steady campaign to obtain relief from his sentence by filing motions to reduce his sentence under 18 U.S.C. § 3582(c)(2), or to vacate his sentence under § 2255.  These attempts were unsuccessful.  Most recently, Norwood filed a motion to "correct" his conviction under Fed. R. Crim. P. 36.  The district court determined that Norwood's argument challenged the validity of his sentence, and therefore construed his Rule 36 motion as a second or successive § 2255 motion filed without authorization from this court.  Norwood now seeks a COA to appeal from the dismissal of his Rule 36 motion.

To obtain a COA, Norwood must show at a minimum that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  He has not made this showing.  A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h).  Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Although Norwood styled his pleading as a motion to correct his judgment of conviction, "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."  *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).  In his Rule 36 motion, Norwood argued that the length of his sentence was in

error because his drug offenses should have been classified as Class C felonies instead of Class A or B felonies, which in turn would have reduced the range of his sentence. This argument attacks validity of sentence and thus qualifies as a § 2255 motion. *See id*. at 1148-49.

In his request for a COA, Norwood fails to adequately address how the district court erred in construing his Rule 36 motion as second or successive and dismissing it for lack of jurisdiction. Instead, citing *Castro v. United States*, 540 U.S. 375 (2003), Norwood maintains that the court was required to notify him that it intended to recharacterize the Rule 36 motion as a second or successive § 2255 motion and provide him an opportunity to withdraw the motion. But the limitation in *Castro* "applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion." *Id*. at 383. "If the prisoner has filed once, any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third." *Nelson*, 465 F.3d at 1149.

Reasonable jurists could not debate the district court's decision to construe Norwood's Rule 36 motion as an unauthorized second or successive § 2255 motion and to dismiss it for lack of jurisdiction. Accordingly, we deny Norwood's request for a COA and dismiss this matter. We grant his motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3