**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CRAIG ALAN DEMEULENAERE,

    Defendant - Appellant.

No. 19-8048
(D.C. Nos. 2:17-CV-00079-NDF &
2:15-CR-00181-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **KELLY** and **PHILLIPS**, Circuit Judges.
_____

Craig Alan Demeulenaere, proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's orders dismissing his Federal Rule of Civil

Procedure 60(b) motion and denying his Federal Rule of Civil Procedure 59(e) motion.

We deny Mr. Demeulenaere's request for a COA and dismiss this matter.

I. Background

Mr. Demeulenaere pleaded guilty in 2016 to possession with intent to distribute

methamphetamine after law enforcement seized 457 grams of methamphetamine from the

vehicle he had been driving. The district court sentenced him to 97 months'

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. He did not file a direct appeal, but he did file a § 2255 motion raising three claims of ineffective assistance of counsel for: (1) failure to investigate the search of the vehicle he was driving during the midnight hours of July 17-18, 2015; (2) failure to file a motion to suppress the evidence seized during the vehicle search; and (3) failure to provide adequate legal advice regarding the plea agreement.

The district court denied Mr. Demeulenaere's § 2255 motion. He then filed a motion to alter or amend the judgment under Rules 59(e) and 60(b), which the district court also denied. He sought to appeal from the denial of his § 2255 motion and his motion to alter or amend the judgment. We denied a COA.

Mr. Demeulenaere subsequently filed another Rule 60(b) motion to alter or amend the judgment and to reopen his § 2255 proceedings. The district court dismissed the Rule 60(b) motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion. Mr. Demeulenaere then filed a Rule 59(e) motion to alter or amend that judgment, asking the district court to reconsider its dismissal of his Rule 60(b) motion. The district court denied the Rule 59(e) motion. Mr. Demeulenaere now seeks a COA to appeal from both orders.

II. Discussion

To obtain a COA, Mr. Demeulenaere must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an

2

order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h).  Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A Rule 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).  A Rule 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior [§ 2255 motion]." *Id*. at 1216.  And we have explained that "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

Mr. Demeulenaere's first request for relief in his Rule 60(b) motion was to "be discharged from [his] unconstitutional conviction." R., Vol. 1 at 110.  And for four of his five arguments in his Rule 60(b) motion, Mr. Demeulenaere asserted he had newly discovered evidence that would have produced a different result for the claims in his § 2255 proceeding.  "[A] motion seeking leave to present 'newly discovered evidence' in order to advance the merits of a claim previously denied"—is the type of Rule 60(b) motion we identified in *Spitznas* that should be treated as a second or successive § 2255

3

motion because it asserts or reasserts a federal basis for relief from the underlying conviction. 464 F.3d at 1216.[1]

For his remaining argument, Mr. Demeulenaere asserted that the district court failed to address and resolve all of the claims he raised in his § 2255 motion. This type of argument could be construed as asserting a defect in the integrity of his federal § 2255 proceedings, which would not constitute a second or successive § 2255 argument. *See id.* at 1225. That is because "[t]he defect lies not in the district court's resolution of the merits of the . . . claim (since it never reached those merits), but in its failure to make any ruling on a claim that was properly presented [in the first § 2255 motion]." *Id.* That is not the situation here, however. The district court did not fail to rule on any claims that were properly presented to it. Instead, the claims Mr. Demeulenaere identified that the district court allegedly failed to address were claims in his initial § 2255 motion that he affirmatively withdrew in his reply to that motion.

---

[1] Mr. Demeulenaere tried to cast some of these new-evidence arguments as asserting fraud on the court. If a Rule 60(b) motion asserts fraud on the court that relates solely to the § 2255 proceedings, such a motion might constitute a "true 60(b) motion" as opposed to a second or successive § 2255 motion. *Spitznas*, 464 F.3d at 1216. But here, Mr. Demeulenaere's fraud-on-the-court assertions were primarily based on his contention that his new evidence showed there was "fraud . . . carried out for the purpose of obtaining warrants to search and seize evidence against [him]." R., Vol. I at 108. He alleged that the wrongdoing occurred during the "investigation, pre-trial, and criminal proceedings," and that the "deliberate scheme to defraud . . . resulted in his conviction." *Id.* at 109. These allegations of fraud relate to the proceedings leading up to his conviction, not to fraud during his § 2255 proceedings. A Rule 60(b) motion asserting a basis for relief from the movant's underlying conviction should be treated as a second or successive § 2255 motion. *See Spitznas*, 464 F.3d at 1215.

4

In his reply, he agreed with the government's characterization of his initial § 2255 motion as "simply incomprehensible." R., Vol. 1 at 24 (internal quotation marks omitted). He stated that "the purpose of this reply is to clarify those few claims believed to warrant this Court's consideration, to withdraw those claims [he] agrees with [the government] were meritless, and, to reply [to the government's] response." *Id.* And he reiterated at the end of his reply that he was seeking "to invalidate his guilty plea and his conviction based on the submission made in this reply. As to any other claim presented in his initial § 2255 motion, he hereby withdraws them." *Id.* at 35. In its order denying the § 2255 motion, the district court explained that "[g]iven Demeulenaere's acknowledgment that his motion was incomprehensible, the Court will only consider those claims made in his Reply." *Id.* at 51. Mr. Demeulenaere's Rule 60(b) argument was simply an attempt to reassert claims for relief that he himself had withdrawn. Accordingly, those claims were not properly presented to the district court for resolution.

The district court recognized that Mr. Demeulenaere's Rule 60(b) arguments, which sought to reassert § 2255 claims that he had withdrawn or relied on newly discovered evidence to attack his underlying conviction and the district court's resolution of the merits of his first § 2255 motion, constituted an attempt to file a second or successive § 2255 motion. Because Mr. Demeulenaere had not obtained the required authorization from this court to file a second or successive § 2255 motion, the district court dismissed the Rule 60(b) motion for lack of jurisdiction. Reasonable jurists could not debate the propriety of the district court's procedural ruling.

5

Mr. Demeulenaere also seeks a COA to appeal from the denial of his Rule 59(e) motion, which asked the district court to reconsider the dismissal of his Rule 60(b) motion.  We have just concluded that reasonable jurists could not debate the district court's procedural ruling dismissing Mr. Demeulenaere's Rule 60(b) motion as an unauthorized second or successive § 2255 motion.  Given that conclusion, we likewise conclude that reasonable jurists could not debate the district court's denial of Mr. Demeulenaere's Rule 59(e) motion, which argued that the district court's procedural ruling dismissing his Rule 60(b) motion was improper.

III.  Conclusion

For the foregoing reasons, we deny a COA and dismiss this matter.  We grant Mr. Demeulenaere's motion for leave to proceed on appeal without prepayment of costs and fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

6