FILED
United States Court of Appeals
Tenth Circuit

December 20, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARK A. PRENTICE,

    Defendant - Appellant.

No. 19-6117
(D.C. Nos. 5:15-CV-01330-F and
5:13-CR-00138-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mark A. Prentice, proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's order dismissing his "Motion for This Honorable Court to Take Judicial Notice of the Supreme Court Ruling in [Rehaif] v. U.S. Case No. 17-[9560] June 21, 2019" ("Motion for Judicial Notice"), R., Vol. II at 191. We deny Mr. Prentice's request for a COA and dismiss this matter.

Mr. Prentice pleaded guilty in 2013 to conspiracy to distribute methamphetamine and money laundering. The district court sentenced him to 300 months' imprisonment. He did not file a direct appeal, but he did file a § 2255 motion. The district court denied

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Prentice's § 2255 motion, and we denied his request for a COA. Earlier this year,

Mr. Prentice filed his Motion for Judicial Notice. The district court dismissed the motion

for lack of jurisdiction as an unauthorized second or successive § 2255 motion.

Mr. Prentice now seeks a COA to appeal from that decision.

I. Discussion

To obtain a COA, Mr. Prentice must show both "that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not

file a second or successive § 2255 motion unless he first obtains an order from the circuit

court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.*

§ 2255(h). Absent such authorization, a district court lacks jurisdiction to address the

merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251

(10th Cir. 2008) (per curiam).

In his Motion for Judicial Notice, Mr. Prentice asked the district court to take

judicial notice of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct.

2191 (2019),[1] and to remove the two-level enhancement for possession of a firearm that

was applied in determining his total offense level at sentencing. Mr. Prentice argued that

the two-level enhancement should be removed because he "did not know he was a

---

[1] In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C.
§ 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he
possessed a firearm and that he knew he belonged to the relevant category of persons
barred from possessing a firearm." 139 S. Ct. at 2200.

2

convicted felon in violation of [18 U.S.C. §] 922(g)" at the time of his possession of a firearm. R., Vol. II at 194.

The district court explained that Mr. Prentice's challenge to his two-level enhancement for possession of a firearm must be made in a § 2255 motion. But the court observed that Mr. Prentice had already filed a § 2255 motion, which the court had previously denied. The court therefore determined that Mr. Prentice's Motion for Judicial Notice constituted a second or second successive § 2255 motion, noting that "'[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion.'" *Id*. at 196 n.4 (quoting *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006)). Because Mr. Prentice had not received authorization to file such a motion, the district court dismissed the motion for lack of jurisdiction.

In his COA application, Mr. Prentice does not offer any argument as to how the district court erred in construing his Motion for Judicial Notice as a § 2255 motion and dismissing it for lack of jurisdiction as second or successive and unauthorized. Instead, he argues the merits of the claim he presented in his Motion for Judicial Notice, asserting that "[t]he Government never proved the defendant knew he belonged to the relevant category of defendant(s) barred from possessing a firearm," COA App. at 3, and asks this court to "[o]rder the district court to remove the 2-level enhancement for a firearm," *id*. at 4.

Mr. Prentice has failed to show that reasonable jurists could debate the correctness of the district court's procedural ruling. We therefore deny his request for a COA and dismiss the matter. Mr. Prentice's motion for leave to proceed without prepayment of the

3

appellate filing fee is granted. Having now adjudicated Mr. Prentice's COA application, we remind him that he remains obligated to pay the filing fee in full.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk