FILED
United States Court of Appeals
Tenth Circuit

February 5, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

    Defendant - Appellant.

No. 19-3163
(D.C. Nos. 6:15-CV-01154-JTM &
6:12-CR-10174-JTM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Philip Andra Grigsby, proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's order treating his Motion to Withdraw Guilty

Plea as a second or successive 28 U.S.C. § 2255 motion and dismissing it for lack of

jurisdiction. We deny Mr. Grigsby's request for a COA and dismiss this matter.

In May 2013, Mr. Grigsby pleaded guilty to eight counts of sexual exploitation of

a child in violation of 18 U.S.C. § 2251(a), one count of possession of child pornography

in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 260

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

years in prison and we upheld his sentence on direct appeal. He then filed a § 2255 motion to collaterally attack his sentence. The district court denied his § 2255 motion, and we denied his request for a COA.

In 2019, Mr. Grigsby filed a pro se Motion to Withdraw Guilty Plea. The district court treated it as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Grigsby now seeks a COA to appeal from that decision.

I. Discussion

To obtain a COA from the district court's procedural ruling, Mr. Grigsby must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id*. at 485.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his Motion to Withdraw Guilty Plea, Mr. Grigsby sought to withdraw his plea "due to recent 18 U.S.C. §922(g) Statute changes made by the United States Supreme

2

Court" and cited to *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[1]  R., Vol. II at 412.

In its order, the district court explained that "[u]nder Fed.R.Crim.P. 11(e), once a

sentence has been imposed, the court may set aside a plea of guilty only as a consequence

of a direct appeal or collateral attack.  Thus, although styled a motion to withdraw his

guilty plea, the defendant's motion is in effect a request for relief under 28 U.S.C.

§ 2255, and is subject to the jurisdictional constraints on successive requests for relief

under 28 U.S.C. §§ 2244(b)(3) and 2255(h)."  *Id*. at 416-17 (citing *United States v.

Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015)[2]).  Because Mr. Grigsby had not received

authorization to file a second or successive § 2255 motion, the district court dismissed the

motion for lack of jurisdiction.

In his COA application, Mr. Grigsby contends he "has not filed a habeas

application" and "the [district] court has misconstrued [his] intention."  COA App. at 1.

He asserts his "motion is based on the [*Rehaif* decision, which] chang[ed] the

'knowingly' element of 18 U.S.C. § 922(g)[.]"  COA App. at 1.  He argues that "[t]he

district court erred in its understanding of the facts" and the *Rehaif* decision "has opened

a question of the legality of [his] charge of violating 18 U.S.C. § 922(g), thus requiring

[his] indictment to be reopened[.]"  COA App. at 3.

---

[1] In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.

[2] In *Williams*, we determined that a motion to withdraw a guilty plea should be treated as a second or successive § 2255 motion.  *See* 790 F.3d at 1067-68.

3

Mr. Grigsby has failed to show that reasonable jurists could debate the correctness of the district court's procedural ruling. We have explained that "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). The district court properly treated Mr. Grigsby's Motion to Withdraw Guilty Plea as a second or successive § 2255 motion because "it in substance or effect assert[ed] or reassert[ed] a federal basis for relief from [his] underlying conviction," *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). We therefore deny Mr. Grigsby's request for a COA and dismiss the matter. We also deny his motion for leave to proceed without prepayment of costs and fees. Mr. Grigsby is obligated to pay the filing fee in full.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk