**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMBERLY CHANCELLOR,

Defendant - Appellant.

No. 24-5114
(D.C. Nos. 4:24-CV-00398-GKF-JFJ &
4:08-CR-00022-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Kimberly Chancellor, a federal prisoner proceeding pro se, requests a certificate of

appealability (COA) to appeal from the district court's dismissal of his "Actual

Innocence" motion as an unauthorized second or successive 28 U.S.C. § 2255 motion.

We deny a COA and dismiss this matter.

A jury convicted Chancellor on one count of aggravated sexual abuse of a minor

and two counts of attempted aggravated sexual abuse of a minor, all in Indian country,

and the district court sentenced him to concurrent terms of life in prison on each count.

We affirmed.  *See United States v. Chancellor*, 376 F. App'x 826, 830 (10th Cir. 2010).

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2011 Chancellor filed his first § 2255 motion, which the district court denied. Chancellor did not seek a COA, but he filed post-judgment motions that the district court treated as unauthorized second or successive § 2255 motions. In 2023 this court denied Chancellor leave to file a second or successive § 2255 motion.

In 2024 Chancellor filed in the district court a motion entitled "Actual Innocence" in which he challenged the district court's jurisdiction to convict him, alleged violations of his rights to equal protection and due process, asserted his actual innocence, challenged the sufficiency of the evidence and the jury instructions, and requested that the district court reverse his conviction and sentence. The district court held that because Chancellor asserted federal bases for relief from his convictions, it must treat his filing as a second or successive § 2255 motion. The district court further recognized that it lacked jurisdiction to adjudicate a second or successive § 2255 motion, absent this court's prior authorization. Because Chancellor had not obtained the required authorization, the district court dismissed the motion for lack of jurisdiction and denied a COA.

Because the district court disposed of Chancellor's motion on a procedural ground, for a COA he must show that reasonable jurists "would find it debatable [1] whether the petition states a valid claim of the denial of a constitutional right and . . . [2] whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But Chancellor does not make any argument regarding whether the district court correctly treated his filing as an unauthorized second or successive § 2255 motion. He therefore has failed to show that reasonable jurists would debate the district court's procedural ruling. *See United States v. McKye*, 947 F.3d 1293, 1296 (10th Cir. 2020).

2

And in any event, we cannot conclude that reasonable jurists would debate that ruling. *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) ("A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence . . . is otherwise subject to collateral attack. . . .  It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." (internal quotation marks omitted)); *id.* at 1148 ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.").

We deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk