**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KIMBERLY CHANCELLOR,

    Defendant - Appellant.

No. 25-5178
(D.C. No. 4:08-CR-00022-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, Chief Judge, **EID** and **ROSSMAN**, Circuit Judges.
_____

Kimberly Chancellor is a federal prisoner proceeding pro se. In 2008, a jury convicted him of charges related to sexual abuse of a minor in Indian Country, and the district court imposed a life sentence. Mr. Chancellor appealed his conviction, but this court affirmed. *See United States v. Chancellor*, 376 F. App'x 826, 830 (10th Cir. 2010). He then filed a 28 U.S.C. § 2255 motion. The district court denied that motion and Mr. Chancellor did not appeal.

Mr. Chancellor has since filed numerous motions for relief in the district court. At issue here is a Federal Rule of Civil Procedure 60(b)(6) motion he filed in the

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court in November 2025.  Mr. Chancellor's motion argued his case should have been tried in tribal court, and the fact it was tried in federal court violated his Sixth Amendment right to be tried in the district where the crime was committed. The district court construed the motion as an unauthorized second or successive § 2255 motion, dismissed it for lack of jurisdiction, and denied a certificate of appealability (COA).

Mr. Chancellor now moves in this court for a COA.[1]  To merit a COA, he must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction.  So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Mr. Chancellor's COA motion focuses entirely on arguments that his prosecution violated his constitutional rights.  Some of these arguments are not the same as those he made in his district-court motion.[2]  In any event, he does not say

---

[1] He also filed a supplement to that motion and an addendum, which we have considered.

[2] Mr. Chancellor spends much of his COA motion (and all of his addendum) arguing he deserves DNA testing.  We already ruled in a separate appeal that the district court properly denied DNA testing under 18 U.S.C. § 3600.  *See United States v. Chancellor*, No. 25-5072, 2025 WL 3707495, at *2 (10th Cir. Dec. 22, 2025).  If Mr. Chancellor means to say he is constitutionally entitled to DNA testing,

why the district court's procedural dismissal was wrong.  Nor do we see any debatable issue.  Mr. Chancellor's Rule 60(b)(6) motion was a request for relief from his 2008 conviction based on alleged constitutional errors.  It was therefore, in substance, a § 2255 claim.  *See United States v. Nelson*, 465 F.3d 1145, 1148–49 (10th Cir. 2006) (holding that if a motion seeks the relief available under § 2255, it is treated as a § 2255 motion, regardless of its title).  The district court correctly dismissed it for lack of jurisdiction.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

For these reasons, we deny Mr. Chancellor's COA motion and dismiss this matter.

Entered for the Court

Per Curiam

---

he does not explain why he may make such a claim in a motion seeking permission to appeal a district court ruling that had nothing to do with DNA testing.  We therefore do not consider the DNA issues.