**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON E. FRAZIER,

    Defendant - Appellant.

No. 16-3094
(D.C. Nos. 2:13-CV-02040-KHV &
2:09-CR-20152-KHV-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Jason E. Frazier was sentenced to life in prison after a jury convicted him of

kidnapping, using and carrying a firearm in furtherance of a drug trafficking crime,

possessing with intent to distribute five or more grams of crack cocaine, and being a

felon in possession of a firearm. This court affirmed his convictions. Proceeding pro

se, he now seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c) to

challenge the district court's order dated April 21, 2016. There, the district court

denied his motion to reopen the time to appeal its earlier order denying his initial

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 2255 motion or, in the alternative, to reopen that § 2255 motion.  We deny a COA and dismiss the appeal.

## Procedural History

Mr. Frazier filed an initial § 2255 motion seeking to set aside, vacate, or correct his sentence based on ineffective assistance of trial counsel.  The district court denied the motion, as well as a COA.  But according to Mr. Frazier, his attorney never sent him the motion or appealed its denial per their agreement.  Consequently, months after the deadline for filing an appeal had passed, he filed a pro se appeal in this court.  We dismissed that untimely appeal for lack of jurisdiction.

Mr. Frazier next sought relief by filing an "Interlocutory Appeal of Denial of 2255 Motion to Vacate or in the Alternative Motion to Reopen 2255 Motion to Vacate to Add a Jurisdictional Challenge" in district court.  He asked the district court to (1) grant him permission to file an untimely appeal to challenge federal jurisdiction or (2) reopen his initial § 2255 motion to allow him to challenge jurisdiction based on his arrest by municipal police officers, not federal agents.  The district court denied the motion on April 21, 2016.

The district court construed the first part of Mr. Frazier's motion as a notice of appeal and a motion to reopen the time to file an appeal.  It denied this request because the motion to reopen was not filed within 180 days after the court entered the order and judgment, as required by Fed. R. App. P. 4(a)(6).  The district court

- 2 -

construed the second part of the motion as a request to file a second or successive § 2255 motion, concluding that Mr. Frazier effectively sought to add a new claim after entry of judgment on the initial § 2255 motion. It denied this request because he did not seek the required authorization under 28 U.S.C. §§ 2244(b)(3) and 2255(h) from the court of appeals. In an application that focuses solely on jurisdiction, Mr. Frazier now seeks a COA to appeal the district court's ruling.

**Analysis**

Because his habeas petition was dismissed on procedural grounds, Mr. Frazier can obtain a COA only if he shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We bypass the constitutional question because we can readily dispose of this case based on the procedural one. *See id.* Even reviewing Mr. Frazier's application with the liberality due pro se applicants, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), there is nothing debatable about the district court's procedural rulings.

As an initial matter, Rule 4(a)(6) imposes a 180-day outer time limit for a party to file a motion to reopen the time to file an appeal. *See* Fed. R. App. P. 4(a)(6)(B); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Here, Mr. Frazier filed his motion to reopen 205 days after entry of judgment so the district court did not have authority to grant the motion.

Furthermore, it is clear Mr. Frazier has already filed one unsuccessful § 2255 motion and now seeks to file a second or successive one. "It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (deeming a pleading to be a § 2255 motion where the movant sought to add a new claim and did not assert any procedural error in the disposition of his original habeas motion). In the underlying motion and again in his COA application, Mr. Frazier claims the court was without jurisdiction to impose his sentence. This subject is expressly listed as a basis to attack a sentence in § 2255(a): "A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground . . . *that the court was without jurisdiction to impose such sentence* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Yet, Mr. Frazier did not obtain authorization to file the motion in question.[1] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see also* 28 U.S.C. §§ 2244(b)(3), 2255(h).

---

[1] We note that Mr. Frazier has filed a motion for authorization to file a second or successive motion in a pending case, *In re Frazier*, No. 16-3117. That motion seeks to invalidate his sentence based on the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015). It has been abated pending further order of this court.

- 4 -

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk