**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BILL MELOT,

    Defendant - Appellant.

No. 16-2283
(D.C. Nos. 1:16-CV-01217-MCA-KK &
2:09-CR-02258-MCA-1)
(D.N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **EBEL**, and **HARTZ**, Circuit Judges.
_____

Bill Melot, proceeding without the assistance of counsel, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his motion for amended

judgment as an unauthorized second or successive 28 U.S.C. § 2255 motion. We deny a

COA and dismiss this matter.

Mr. Melot was convicted in 2011 of multiple tax-related offenses and making false

statements to the United States Department of Agriculture (USDA), in violation of

26 U.S.C. §§ 7201, 7203 and 7212(a), and 15 U.S.C. § 714m(a). We affirmed his

convictions on appeal but remanded for resentencing. *See United States v. Melot*,

732 F.3d 1234, 1245 (10th Cir. 2013). On remand, Mr. Melot was sentenced to 14 years'

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment and ordered to pay restitution to the Internal Revenue Service (IRS) in the amount of $18,469,998.51 and to the USDA in the amount of $226,526. In 2014, he unsuccessfully moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

In October 2016, Mr. Melot filed a document entitled "Motion for Amended Judgment and Sentence/New Trial, Correction of Restitution," in which he complained that the restitution order in his case disproportionate to other restitution orders in the District of New Mexico. The district court clerk docketed the motion as one under § 2255. Because it was an unauthorized, successive § 2255 motion, the district court dismissed it for lack of jurisdiction. Mr. Melot now seeks to appeal, contending that his motion was actually brought under Federal Rules of Criminal Procedure 33 and 36, not § 2255.

To appeal, Mr. Melot must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not consider the merits aspect of the *Slack* test because Mr. Melot has not satisfied the procedural aspect.

No reasonable jurist could debate the district court's conclusion that Mr. Melot's filing, ostensibly under Rules 33 and 36, was in reality a § 2255 motion. "The exclusive

2

remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (internal quotation marks omitted). "It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). Mr. Melot sought to attack the validity of his judgment by asserting that the restitution he owes was incorrectly calculated therein. Therefore, his motion was, in essence, a § 2255 motion, especially given that any claim under Rule 33 would be untimely. *See* Fed. R. Crim. P. 33(b)(1) (providing a motion for new trial must be filed within three years of the finding of guilt); Opening Br. at 2 (noting Mr. Melot was found guilty in April 2010). The district court did not err in treating the motion as one under § 2255.

Mr. Melot previously sought relief under § 2255, making this motion an unauthorized successive § 2255 motion. "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Nelson*, 465 F.3d at 1148. Even reviewing Mr. Melot's application with the liberality due pro se litigants, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), there is nothing debatable about the district court's procedural decision to dismiss the filing for lack of jurisdiction.

The motion for leave to proceed on appeal without prepayment of costs or fees is granted. But only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1). We deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4