FILED
United States Court of Appeals
Tenth Circuit

April 27, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN SCOTT PINKERTON,

    Defendant - Appellant.

No. 18-8008
(D.C. No. 1:13-CR-00170-ABJ-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

John Scott Pinkerton seeks a certificate of appealability (COA) to appeal from the

district court's dismissal of his post-conviction motion as an unauthorized second or

successive 28 U.S.C. § 2255 motion.  We deny a COA and dismiss this matter.  But

although the district court correctly recognized that it lacked jurisdiction to adjudicate the

motion, it entered a dismissal with prejudice rather than without prejudice.

*See Abernathy v. Wandes*, 713 F.3d 538, 558 (10th Cir. 2013) (holding that a dismissal

for lack of subject matter jurisdiction is a dismissal without prejudice).  We therefore

---

    [*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

vacate the judgment and remand with instructions for the district court to enter a judgment reflecting that the dismissal was without prejudice.

Mr. Pinkerton pleaded guilty to one count of attempted online enticement of a minor in violation of 18 U.S.C. § 2422(b).  He did not file a direct appeal, but did file unsuccessful post-judgment motions for relief in the nature of a writ of coram nobis and for relief under § 2255.  This matter concerns a November 2017 "Petition Pursuant to Federal Rule of Civ P 60(b)(4), 60(d)(3) and 28 U.S.C. §1651 for Emergency Relief from Void Judgment" seeking to declare the judgment void *ab initio* for lack of jurisdiction, violations of due process, and fraud on the court.  The district court determined the filing was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.  *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

To appeal from the district court's decision, Mr. Pinkerton must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  That requires him to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Before this court, Mr. Pinkerton focuses on the merits of his underlying claims.  We do not consider the merits, however, because no reasonable jurist could debate the district court's procedural decision to dismiss the motion for lack of jurisdiction.

Because Mr. Pinkerton has already pursued relief under § 2255, he must obtain this court's authorization before filing another § 2255 motion in the district court. *See* 28 U.S.C. § 2255(h). "A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . or [the sentence] is otherwise subject to collateral attack." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). Mr. Pinkerton's claims attacking the court's jurisdiction and alleging due process violations and fraud on the sentencing court fall squarely within § 2255. And Mr. Pinkerton cannot escape the requirements of § 2255(h) by titling his motion as one under Fed. R. Civ. P. 60(b)(4) and 60(d)(3). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149; *see also United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) (holding that a motion alleging fraud on the court in the underlying criminal proceeding, brought in part under Rule 60(d)(3), was subject to the authorization requirements of § 2255(h)).

*Nelson* and *Baker* require Mr. Pinkerton's filing to be considered as a second or successive § 2255 motion. And "if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Nelson*, 465 F.3d at 1148. Therefore, no reasonable jurist could debate the district court's decision to dismiss the motion for lack of jurisdiction. Further, no reasonable jurist could debate that dismissal rather than transfer was an appropriate disposition. *See Cline*, 531 F.3d at 1252.

3

A COA is denied and this matter is dismissed.  But the district court improperly dismissed the matter with prejudice, rather than without prejudice.  *See Abernathy*, 713 F.3d at 558.  We therefore vacate the judgment and remand with instructions for the district court to enter a judgment reflecting that the dismissal was without prejudice.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4