**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON CLAYCOMB,

    Defendant - Appellant.

No. 18-8048
(D.C. No. 2:07-CR-00196-CAB-5)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Jason Claycomb, proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction. We deny a COA and dismiss this matter.

Mr. Claycomb was convicted after a jury trial of (1) conspiracy to possess with intent to distribute, and to distribute, methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; (2) possession of a machine gun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii); and

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(3) unlawful possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871. He was sentenced to 60 years' imprisonment. We affirmed his convictions and sentence on direct appeal. *United States v. Claycomb*, 372 F. App'x 832, 841 (10th Cir. 2010). In 2011, Mr. Claycomb filed his first § 2255 motion based on several claims of ineffective assistance of counsel. The district court partially granted the motion and vacated his conviction for unlawful possession of an unregistered firearm. Mr. Claycomb has since filed a number of unsuccessful post-judgment motions attempting to collaterally attack his convictions. Most recently, he filed the underlying Rule 60(b) motion in which he requested reopening of his prior proceedings under § 2255. The district court determined that the motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Mr. Claycomb now seeks a COA under 28 U.S.C. § 2253(c) to appeal from that dismissal. To obtain a COA, Mr. Claycomb must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it datable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need only reach the second component of this standard to determine Mr. Claycomb has not satisfied his burden. *See id.* at 485.

A pleading should be treated as a second or successive § 2255 motion, rather than a true 60(b) motion, "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "It is the relief sought, not [the] pleading's title, that determines

2

whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). A prisoner may not file a second or successive § 2255 motion without authorization from this court. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). The district court lacks jurisdiction to consider the merits of a second or successive § 2255 motion absent authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his motion filed in district court, Mr. Claycomb sought equitable relief under Rule 60(b) "based upon fraud and multiple misrepresentations" committed by the government. R., Vol. I at 165. He asserted he had new evidence related to the chain of custody of drug evidence used against him in his criminal case and requested reopening of his prior § 2255 proceedings and an evidentiary hearing on that basis. The district court concluded Mr. Claycomb's motion attempts to offer new evidence to dispute his sentence and is therefore challenging his underlying conviction rather than any procedural rulings of his prior habeas proceedings, and is therefore a second or successive § 2255 motion. Because Mr. Claycomb had not obtained the proper authorization from this court to file a second or successive § 2255 motion, the district court dismissed the motion for lack of jurisdiction and denied a COA.

In his COA application to this court, Mr. Claycomb argues the purported new evidence regarding the chain of custody of drug evidence in his underlying criminal case necessitates an evidentiary hearing to determine whether a new trial or reopening of his § 2255 proceedings is warranted. But he fails to offer any argument why the district court was incorrect in its procedural ruling construing his motion as a second or successive § 2255 motion over which it lacked jurisdiction. In fact, in arguing the district

3

court erred in declining to conduct an evidentiary hearing, Mr. Claycomb cites the standard for determining whether to grant an evidentiary hearing under 28 U.S.C. § 2255(b), which supports the district court's determination that he intended to file his motion under § 2255, rather than under Rule 60(b). Reasonable jurists could not debate that the district court was correct in its procedural ruling to construe his 60(b) motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk