FILED
United States Court of Appeals
Tenth Circuit

February 28, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

    Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

    Defendant - Appellant.

No. 18-6190
(D.C. Nos. 5:09-CV-01063-F &
5:06-CR-00180-F)
(W.D. Okla.)

No. 18-6204
(D.C. Nos. 5:18-CV-01083-F &
5:06-CR-00180-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***
_____

Before **BRISCOE**, **EID**, and **CARSON**, Circuit Judges.
_____

Michael Dwight Norwood, a federal prisoner appearing pro se, seeks a certificate

of appealability (COA) to appeal from district court decisions in two separate appeals.  In

---

    \* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

No. 18-6190, he seeks a COA to appeal from the district court's order dismissing his Fed. R. Civ. P. 60(b) motion. In No. 18-6204, he seeks a COA to appeal from the district court's order dismissing his 28 U.S.C. § 2255(f)(4) motion. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny the applications for a COA and dismiss both of these matters.

In 2006, Mr. Norwood entered a guilty plea to three counts of distribution of methamphetamine and one count of being a felon in possession of a firearm. He was sentenced to 360 months' imprisonment on counts 1 and 2, life imprisonment on count 3, and 120 months' imprisonment on count 4, all to run concurrently. Mr. Norwood appealed, and this court affirmed his sentence.

In 2009, Mr. Norwood filed his first § 2255 motion, arguing that he received ineffective assistance of counsel at the time he entered his plea, at sentencing, and on appeal. The district court denied the motion, and we denied Mr. Norwood's request for a COA. Since that time, Mr. Norwood has continued to try to attack his sentence, but his attempts have all been unsuccessful.

On October 12, 2018, Mr. Norwood filed a motion he styled "True Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure Claiming a Right to Relief from the District Court's Order and Judgment in a 28 U.S.C. § 2255 Case; Presenting Defense of Extraordinary Circumstances." The district court concluded that the Rule 60(b) motion was an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissed it for lack of jurisdiction. In the same order, the district court denied a COA.

On November 2, Mr. Norwood filed a motion he styled "Motion Pursuant to 28 U.S.C. § 2255(f)(4) for Relief from a Conviction Obtained in Violation of the Constitution and Laws of the Unite[d] States; Presenting Defense of Actual Innocence Under 21 U.S.C. § 841(b)(1)(B)." Because Mr. Norwood filed this successive § 2255 motion without the required authorization from this court, the district court dismissed it for lack of jurisdiction. The district court also denied a COA.

Mr. Norwood now seeks a COA from this court to appeal from these two district court decisions. To obtain a COA, he must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

18-6190

The Supreme Court has explained that a Rule 60(b) motion should be construed as a habeas petition if it "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis omitted). But a Rule 60(b) motion is not a successive petition if it "attacks, not the substance of the

3

federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*[1]

In his Rule 60(b) motion, Mr. Norwood argued that the district court erred in enhancing his sentence for being a leader or organizer under § 3B1.1 of the United States Sentencing Guidelines. He asserted that the district court's ruling was a "defect in the integrity of the proceedings" because it "fails to point to any law in support of applying § 3B1.1 to an offense that involved no participants, and applies its findings arbitrar[ily] and capriciously contrary to the due process of law." 18-6190 R. at 29.

In his first § 2255 motion, Mr. Norwood had argued that his trial counsel had been ineffective for failing to challenge the § 3B1.1 leadership-role enhancement. The district court had rejected the argument because Mr. Norwood could not establish that counsel's performance was deficient. The district court noted that counsel had objected to the enhancement in the sentencing memorandum he filed on behalf of Mr. Norwood, but the court had found that the four-level enhancement was proper.

In determining that Mr. Norwood's Rule 60(b) motion should be treated as a successive § 2255 motion, the district court explained that "[t]he motion is challenging the court's previous determination, in adjudicating defendant's ineffective assistance of counsel claim, that the leadership-role enhancement was proper and is seeking relief from his sentence on the basis that the court erred in applying the leadership-role

---

[1] Although the Supreme Court in *Gonzalez* was considering when a post-judgment motion should be treated as a successive habeas petition under 28 U.S.C. § 2254, *Gonzalez*, 545 U.S. at 526, we have applied the same analysis to § 2255 motions, *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006).

enhancement." *Id.* at 33. The court further explained that "[d]espite his arguments, defendant is not challenging 'some defect' in the integrity of the prior § 2255 proceedings." *Id.* Because Mr. Norwood had not received authorization from this court to file a successive § 2255 motion, the district court dismissed it for lack of jurisdiction.

In his COA application, Mr. Norwood asserts that he submitted "a motion pursuant to Rule 60(b) . . . seeking to reopen his 28 U.S.C. § 2255 Proceedings on the grounds that the Court's ruling on the Motion, specifically his claim . . . against application of a leadership role . . . was wrong." 18-6204 COA App. at 1.[2] He further asserts that "[t]he issue presented [in his Rule 60(b) motion] sought to have the court's application of the leader and organizer enhancement removed from [his] offense of conviction." *Id.* at 2. We agree with the district court that although Mr. Norwood seeks to characterize his Rule 60(b) motion as asserting a defect in the proceedings, he is instead challenging the district court's previous resolution of one of his § 2255 claims on the merits. Given these circumstances, reasonable jurists could not debate the district court's decision to construe his Rule 60(b) motion as a second or successive § 2255 motion and to dismiss it for lack of jurisdiction.

18-6204

In the § 2255 motion filed November 2, 2018, Mr. Norwood challenged the validity of his guilty plea, arguing that it was not knowing or voluntary because it failed

---

[2] Upon review of the COA applications filed in 18-6190 and 18-6204, it appears that the applications have been filed in the opposite case numbers. Although the COA application quoted above was filed in 18-6204, it is referring to the court's disposition of Mr. Norwood's Rule 60(b) motion, which is the subject of 18-6190.

to include "the fact of drug quantity." 18-6204 R. at 2. The district court dismissed Mr. Norwood's successive § 2255 motion for lack of jurisdiction because he had not received authorization to file it.

In his COA application, Mr. Norwood contends that the district court's procedural ruling is debatable because he has newly discovered evidence of actual innocence[3] and *McQuiggin v. Perkins*, 569 U.S. 383 (2013), entitles him to a ruling on the merits of that claim. But *McQuiggin* held that a claim of actual innocence can overcome the expiration of the statute of limitations for an untimely *first* habeas application. *See id*. at 396-97. The decision did not alter any of the requirements for bringing a second or successive habeas application or § 2255 motion. *See id*. at 395-97.

Mr. Norwood filed a successive § 2255 motion without the required authorization from this court. He has failed to show that reasonable jurists could debate the district court's procedural ruling dismissing his successive § 2255 motion for lack of jurisdiction.

For the foregoing reasons, we deny a COA in both 18-6190 and 18-6204 and dismiss these matters. We also deny Mr. Norwood's request to proceed without prepayment of costs or fees in these matters. Finally, we note that it appears the respective COA applications in these two matters were filed in the incorrect appeal

---

[3] Specifically, he argued it was "a newly discovered fact that [he] did not admit the elements of an aggravating drug offense." 18-6204 R. at 6. He asserted that he "discovered the facts in support of his actual innocence and unconstitutional guilty plea claim, December 2017, when a family member, while reviewing the record of the case, discovered the petition to enter guilty plea, which failed to charged[sic] the fact of drug quantity." *Id*. at 3.

numbers. We direct the Clerk to correct the dockets in these appeals by filing in 18-6190 the COA application currently filed in 18-6204 (filed on January 22, 2019), and filing in 18-6204 the COA application currently filed in 18-6190 (filed on February 6, 2019).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk