FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIE F. FORD,

    Defendant - Appellant.

No. 19-3181
(D.C. Nos. 2:19-CV-02452-KHV &
2:10-CR-20129-KHV-7)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MORTIZ** and **CARSON**, Circuit Judges.
_____

Willie F. Ford, a federal prisoner proceeding pro se, filed a "Motion to

Reconsider/Amend Judgment," which the district court construed as an unauthorized

second or successive 28 U.S.C. § 2255 motion and dismissed for lack of jurisdiction.

Mr. Ford seeks a certificate of appealability (COA) to appeal the dismissal. For the

reasons that follow, we deny a COA and dismiss this matter.

Mr. Ford was convicted by a jury of (1) conspiracy to distribute and possess with

intent to distribute more than five kilograms of cocaine and more than 280 grams of

cocaine base (crack), (2) conspiracy to maintain a residence for the purpose of

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distributing crack within 1000 feet of a public secondary school, (3) distribution of crack within 1000 feet of a public secondary school, and (4) use of a communication device to facilitate a drug trafficking offense. The district court sentenced him to 420 months in prison. On direct appeal, we affirmed his convictions and sentence.

Mr. Ford filed his first § 2255 motion in 2014, asserting multiple claims of ineffective assistance of counsel. The district court denied the motion, and we denied Mr. Ford's request for a COA. With authorization from this court, Mr. Ford filed a second § 2255 motion in 2016, challenging the enhanced sentence he received under the career offender provision of the U.S. Sentencing Guidelines. The district court dismissed the motion because Mr. Ford's claim was precluded by *Beckles v. United States*, 137 S. Ct. 886 (2017). He did not seek to appeal.

Mr. Ford has since filed multiple postjudgment motions challenging his convictions and sentence, each of which the district court has construed as an unauthorized second or successive § 2255 motion and dismissed for lack of jurisdiction. The most recent dismissal—of Mr. Ford's motion to reconsider or amend the judgment in his criminal case—is the subject of this application for a COA.

To obtain a COA, Mr. Ford must show *both* "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). A prisoner may not file a second or successive § 2255 motion in the district court unless he first obtains an order from the circuit court authorizing the district court to consider

2

the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). Without authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A postjudgment motion is treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the [prisoner's] underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see also United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."). In his motion to reconsider or amend the judgment, Mr. Ford claimed that the district court violated his constitutional rights when it (1) sentenced him without specific findings by the jury as to drug quantity and type and that the offense occurred within 1000 feet of a school, (2) sentenced him without making particularized findings regarding his role in the conspiracy, (3) sentenced him above the statutory maximum penalty, and (4) sentenced him as a career offender. Because the motion asserted "a federal basis for relief from [his] underlying conviction and sentence," *Spitznas*, 464 F.3d at 1215, and was filed without authorization from this court, reasonable jurists could not debate the correctness of the district court's dismissal for lack of jurisdiction.

Mr. Ford's application for a COA is denied, and this matter is dismissed.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

3