**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN WILLIAM MCKYE,

    Defendant - Appellant.

No. 19-6139
(D.C. Nos. 5:17-CV-00328-R &
5:11-CR-00045-R-1)
(W.D. Okla.)

_____

**ORDER**
_____

Before **HOLMES**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Brian William McKye, proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's decision dismissing in part and denying in part

his motion for relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure.  He

also requests in the alternative that this court grant him authorization to file a second or

successive 28 U.S.C. § 2255 motion.  For the reasons that follow, we deny a COA and we

deny authorization.

    I. Background

Mr. McKye was convicted of seven counts of securities fraud and one count of

conspiracy to commit money laundering.  We reversed and remanded due to a

jury-instruction error.  *See United States v. McKye*, 734 F.3d 1104, 1005 (10th Cir. 2013).

After his retrial, Mr. McKye was convicted on the same counts.  He appealed, and we

affirmed his convictions and sentence. *See United States v. McKye*, 638 F. App'x 680, 681 (10th Cir. 2015). Mr. McKye then filed a pro se § 2255 motion. The district court denied the motion, and we denied Mr. McKye's request for a COA. He subsequently filed a motion seeking relief under Rule 60(b)(3). The district court determined that a portion of that motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. The court concluded that the remainder of the motion was properly brought under Rule 60(b)(3), but that Mr. McKye was not entitled to relief because the motion had not been timely filed. The court therefore denied that portion of the Rule 60(b)(3) motion. Mr. McKye now seeks to appeal the district court's decision.

## II. COA

The district court dismissed in part and denied in part the Rule 60(b)(3) motion on procedural grounds. To obtain a COA to challenge the district court's procedural rulings, Mr. McKye must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. McKye has not made this showing.

In his Rule 60(b)(3) motion, Mr. McKye challenged the district court's disposition of "Claim J" in his § 2255 motion. In Claim J, Mr. McKye asserted that "[p]rosecutors elicited testimony concerning an unadmitted document, over Mr. McKye's objection, of a state judge's out-of-court opinion on a central, contested issue in the case." R. Vol. I at 146-47. He argued that "[t]he testimony, (read before jurors), of this judicial finding was

2

inadmissible hearsay under [the] 10th Circuit's precedential holdings." *Id*. at 148. He

also asserted that appellate counsel made an error in his appeal brief related to this issue,

which counsel failed to correct even after Mr. McKye alerted him of the error, *see id*. at

148, and that appellate counsel "failed to present exculpatory evidence of two million

dollars in liability insurance coverage for Mr. McKye, which had been actually presented

as evidence in the first McKye appeal," *id*. at 149.

> In its order denying the § 2255 motion, the district court explained:

> During cross-examination the Government questioned [Agent] LaBarthe
> [of the Oklahoma Department of Securities] about the outcome of a state
> civil action filed against Mr. McKye and his companies as a result of her
> agency's investigation. (The same investment notes were at issue in both
> the civil action and Mr. McKye's federal criminal trial.) Agent LaBarthe
> testified in the criminal trial that the state court previously held that the
> investment notes were securities.

*Id*. at 211. The district court recognized that Mr. McKye was arguing that

Agent LaBarthe's testimony was inadmissible hearsay. The court noted, however, that

Mr. McKye "already raised this issue on appeal, and the Tenth Circuit summarily

rejected it, finding that the introduction of the testimony was harmless." *Id*. The court

therefore concluded that Mr. McKye could not "relitigate" that issue "via collateral

attack." *Id*. at 212.

With respect to the allegations of ineffective assistance of appellate counsel in

Claim J, the district court explained, "Mr. McKye insists his appellate counsel poorly

framed his hearsay argument in his brief and failed to argue that Mr. McKye's carrying

$2 million in insurance coverage demonstrated he meant to protect his investors." *Id*. at

217-18. But the court determined that "appellate counsel . . . was not required to raise

3

every possible issue on appeal" and further noted that "[t]he weeding out of weak claims to be raised on appeal is the hallmark of effective advocacy, because every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court." *Id*. at 218 (internal quotation marks omitted). The court concluded that "Mr. McKye has failed to show how his appellate counsel's representation was in any way objectively unreasonable." *Id*.

In his Rule 60(b)(3) motion, Mr. McKye argued that the district court incorrectly concluded in its order denying his § 2255 motion that he had already raised part of Claim J on appeal. He asserted that the procedural bar was not warranted and that the court should review that part of Claim J on the merits. He also argued that Claim J "properly raised a relevant claim of ineffective assistance of counsel [that] was not ruled upon by the district court," and he asked the district court to conduct a merits review of that part of Claim J as well. *Id*. at 285. Mr. McKye then proceeded to argue the merits of his claim for ineffective assistance of appellate counsel.

In its order on Mr. McKye's Rule 60(b)(3) motion, the district court explained that it did address Claim J on the merits, "with the exception of [Mr. McKye's] argument that particular hearsay testimony was improperly admitted." *Id*. at 358. The court therefore determined that any arguments that were not challenging the procedural bar were properly characterized as second or successive. But the court further determined that Mr. McKye could bring a Rule 60(b)(3) motion challenging the court's procedural ruling that he could not relitigate the evidentiary issue on collateral review.

4

A. *Second or Successive § 2255 Motion*

A Rule 60(b) motion should be treated as a second or successive § 2255 motion if it challenges the defendant's conviction or sentence rather than a procedural error in the prior § 2255 proceeding. *See United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006); *see also Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) ("[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding . . . ." (citations omitted)). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his Combined Motion for COA and Authorization ("Motion"), Mr. McKye fails to adequately address how the district court erred in determining that a portion of his Rule 60(b)(3) motion was an unauthorized second or successive § 2255 motion and dismissing it for lack of jurisdiction. Instead, he spends his motion arguing that the district court abused its discretion by failing to apply the correct legal standard to Claim J in his § 2255 motion. He ends his Motion by stating that "[i]f the District Court had applied the legal standard of Strickland to McKye's evidence, two dead bang winners

5

would have been found and an evidentiary hearing, or a new trial would have been granted." Motion at 28. He then makes the conclusory assertion that "[t]his 'true 60(b)(3)' was not 'already raised' and is 'new' evidence warranting a COA." *Id*.

Mr. McKye's Motion is an attempt to relitigate the merits of one of his § 2255 claims. He has failed to show that reasonable jurists could debate the correctness of the district court's procedural ruling that a portion of his Rule 60(b)(3) motion was an unauthorized second or successive § 2255 motion.[1]

B. *Rule 60(b)(3) Motion*

The district court determined that the remaining portion of Mr. McKye's motion that was properly brought under Rule 60(b)(3) was untimely. The court noted that the Rule 60(b)(3) motion was filed on January 23, 2019, which was more than one year after July 31, 2017—the date the court entered its order and judgment denying Mr. McKye's § 2255 motion. A motion seeking relief under Rule 60(b)(3) must be filed "no more than a year after the entry of the judgment or order" that is being challenged. Fed. R. Civ. P. 60(c)(1). In his Motion, Mr. McKye argues that the district court's "'untimely' bar was simply wrong" because the district court had previously found that Claim J "was not

---

[1] In his Motion, Mr. McKye makes two other conclusory assertions that could be read as supporting an argument that the court erred in construing his Rule 60(b)(3) motion as an unauthorized second or successive § 2255 motion. *See* Motion at 8 ("This case of alleged securities fraud is extraordinary, exceptional, and warrants true 60(b)(3) merits review."); *id*. at 28 ("Failure of appellate counsel to re-present the same insurance protections this Court cited in its reversal, blindfolded the Second Panel and makes this a truly extraordinary 'true 60(b)' motion."). But, again, these assertions lack any substance and fail to show that jurists could reasonably debate the correctness of the district court's procedural ruling.

'untimely'" when it was presented in his § 2255 motion in 2017. Motion at 11. But the fact that Mr. McKye's § 2255 motion was timely filed does not mean that his Rule 60(b)(3) motion was also timely filed. Mr. McKye has failed to show that reasonable jurists could debate the district court's determination that his Rule 60(b)(3) motion was untimely.

III. Authorization

Mr. McKye next argues that his motion qualifies as a prima facie showing for authorization to file a second or successive § 2255 motion based on new evidence. To be entitled to authorization, he must show that he has "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). But he does not offer any newly discovered evidence. Instead, he points to evidence that he knew about before his second direct appeal, which he contends his attorney overlooked and failed to present to this court during that appeal. He "requests only a fair review of misconduct and insurance evidence withheld from Second Panel eyes." Motion at 13. Mr. McKye knew of this evidence before he filed his first § 2255 motion. Because he has not identified any newly discovered evidence since that time, he has failed to meet the standard for authorization in § 2255(h)(1).

IV. Conclusion

We deny a COA and we deny Mr. McKye's alternative request for authorization. The denial of authorization "shall not be appealable and shall not be the subject of a

7

petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). Mr. McKye also filed a motion seeking to proceed on appeal without prepayment of costs or fees.[2]

We deny that motion and order him to immediately remit the full amount of the filing fee.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[2] After the district court ruled on his Rule 60(b)(3) motion, Mr. McKye filed his notice of appeal and a motion to proceed without prepayment of costs and fees on appeal ("IFP motion"). The district court denied the IFP motion, concluding that Mr. McKye failed to make a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised." R., Vol. I at 363 (internal quotation marks omitted). Mr. McKye attempted to file an appeal from the denial of his IFP motion, but that is not the proper procedure in this situation. Instead, Rule 24(a)(5) of the Federal Rules of Appellate Procedure allows Mr. McKye to renew his IFP motion with this court. After we received but did not file his appeal from the district court's denial of his IFP motion, we sent him a letter notifying him that he needed to file his IFP motion on this court's forms. He did so, but he also attached an additional document that he titled "Supplementary Addendum to Appeal of Denial of In Forma Pauperis." To be clear, there is no appeal from the district court's denial of Mr. McKye's IFP motion; we simply consider the IFP motion that Mr. McKye filed in this court.

8