FILED
United States Court of Appeals
Tenth Circuit

February 7, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEN EJIMOFOR EZEAH,

    Defendant - Appellant.

No. 22-6186
(D.C. Nos. 5:19-CV-00939-D &
5:16-CR-00029-D-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Ken Ejimofor Ezeah, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion for relief pursuant to Federal Rule of Civil Procedure 60(b). The district court concluded that the motion was in substance an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (absent circuit court authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

The factual and procedural background of Mr. Ezeah's conviction, appeal, and original § 2255 proceeding are described in our two prior decisions. *See United States v. Ezeah*, 738 F. App'x 591, 592-95 (10th Cir. 2018) (*Ezeah I*); *United States v. Ezeah*, No. 21-6165, 2022 WL 2374294, at *1-3 (10th Cir. June 30, 2022) (*Ezeah II*). We do not repeat that background information here, other than to provide context for our analysis of his application for a COA.

We issued our decision in *Ezeah II* in June 2022. In July, Mr. Ezeah filed what he captioned as a Rule 60(b) motion asserting that the § 2255 judgment was void because of defects "that compromised the integrity of his original [§] 2255 habeas proceedings." R., vol. III at 114. On September 14, 2022, the district court dismissed the motion for lack of jurisdiction, concluding it was an unauthorized second or successive § 2255 motion.

On September 26, Mr. Ezeah filed another motion captioned as a Rule 60(b) motion alleging defects in the § 2255 proceedings.[1] Specifically, he claimed the district court failed "to articulate its consideration" of his evidence, including his and his brother's affidavits, and to explain "the relevance or irrelevance of that . . . evidence." *Id.* at 129. He said the court failed to give him an opportunity to "develop the record with facts . . . outside the record," and he took issue with the court having based its ruling solely on the record evidence, arguing that it should have obtained affidavits from the

---

[1] In October 2022, Mr. Ezeah filed a motion that appears to be identical to the one he filed in September 2022. *Compare* R., vol. III at 129-30, *with id.* at 137-38. The district court did not separately rule on the October motion and we find no error in its failure to do so.

prosecutor and defense counsel about their knowledge of any additional agreements between the parties. *Id.* Finally, he asserted that the court "overlook[ed] the fact that [his] ineffective assistance of counsel [claim] was based on a conflict of interest between himself and his trial attorney," so did not require a showing of prejudice. *Id.*

On October 12, the district court dismissed the September 26 motion for lack of jurisdiction, concluding it was an unauthorized second or successive § 2255 motion because it attacked the court's previous merits determination. The court denied a COA in a separate order.

Mr. Ezeah seeks a COA as to the October 12, 2022, order. He does not seek a COA as to the September 14, 2022, order.

## Discussion

The threshold question is whether Mr. Ezeah's September 26 motion is a Rule 60(b) motion or a successive § 2255 motion. We agree with the district court that it is a successive § 2255 motion.

"It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). "[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). It is not a second or successive § 2255 motion "if it . . . challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself

lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216.[2]

In his combined opening brief and application for a COA, Mr. Ezeah insists that his motion was a Rule 60(b) motion and relies on *Blackledge v. Allison*, 431 U.S. 63 (1977), to support his procedural-defect claims. But *Blackledge* does not support his argument.

Like this case, *Blackledge* involved a habeas petitioner seeking reconsideration of the denial of a claim alleging that his plea agreement was induced by an unkept promise. *See id.* at 67-70. But the similarity ends there. *Blackledge* was decided when plea bargaining was not well established as a "visible practice," *id.* at 76, in a state where courts made very little record of guilty plea proceedings, *see id.* at 76-78. The petitioner's claims were based entirely on events that occurred outside the courtroom and nothing in the existing record refuted them. *See id.* at 77. In those circumstances, the Court held that "before dismissing facially adequate allegations short of an evidentiary hearing, ordinarily a district judge should seek as a minimum to obtain affidavits from all persons likely to have firsthand knowledge of the existence of any plea agreement." *Id.* at 82 n.25. The Court recognized, however, that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a

---

[2] Although *Spitznas* involved the interplay between 28 U.S.C. § 2254 and Rule 60(b), we explained that the "same mode of analysis applies" to § 2255 cases and possible successive motions. *Nelson*, 465 F.3d at 1147 (applying *Spitznas* analysis to case involving "§ 2255 and a motion ostensibly under Fed. R. Civ. P. 15").

formidable barrier in any subsequent collateral proceedings." *Id.* at 73-74. And it explained that because "[s]olemn declarations in open court carry a strong presumption of verity," a habeas petitioner's "contentions that in the face of the record are wholly incredible" are "subject to summary dismissal." *Id.* at 74; *see also Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996) (recognizing that *Blackledge* permits "summary disposition of habeas corpus petitions based on claims of unkept promises and misunderstanding when the court record refutes the claims").

In denying Mr. Ezeah's § 2255 motion, the district court concluded that his allegations and supporting evidence about an additional verbal agreement were insufficient to overcome the record evidence that the parties' agreement was limited to what was in the written plea agreement. In denying a COA, we outlined the evidence supporting that determination, including (1) Mr. Ezeah's assurance to the court at the change-of-plea hearing "that he had reviewed the terms of the [written] plea agreement with his attorney . . . and that [it] encompassed the full scope of his arrangement with the government"; (2) his acknowledgment, both in his motion for a downward variance and at the sentencing hearing, that his cooperation with the prosecution was voluntary and was not required by the plea agreement or "for sentencing reasons"; and (3) the government's response to his motion to withdraw his plea advising the court that "it had promised only to recommend a three-level reduction for acceptance of responsibility." *Ezeah II*, 2022 WL 2374294, at *1 (internal quotation marks omitted); *see also Ezeah I*, 738 F. App'x at 594 (holding that "the government was not obligated to move for the reduction [he] claimed" and that

5

his "post hoc statements cannot overcome the plain language of the plea agreement and the remainder of the record evidence regarding the government's plea obligations"). We thus concluded that the district court did not abuse its discretion by summarily denying his § 2255 motion. *See Ezeah II*, 2022 WL 2374294, at *3. And we expressly noted that the circumstances that might warrant reconsideration under *Blackledge* "aren't present here." *Id.* at *3 n.3.

Mr. Ezeah's September 26 motion challenged the evidentiary support for the district court's ruling, took issue with its weighing of conflicting evidence, suggested its failure to mention specific evidence means it did not consider that evidence, maintained that the court overlooked aspects of his claim, and argued that the court erred by deciding the motion based on the existing record. These arguments may well allege "defect[s] in the integrity of [his] federal habeas proceeding," *Spitznas*, 464 F.3d at 1216, but they boil down to nothing more than "a merits-based attack on" the district court's rejection of his ineffective assistance of counsel claim and resultant dismissal of his § 2255 motion. Thus, the district court correctly treated his motion as a second or successive § 2255 motion and dismissed it for lack of jurisdiction.[3] *See id.*

---

[3] The district court indicated in the October 12 order that Mr. Ezeah's September 26 motion sought to set aside the court's September 14 order dismissing for lack of jurisdiction his previous motion to set aside the § 2255 judgment. It is unclear whether the September 26 motion attacked the September 14 order or the order denying the original § 2255 motion on the merits. Either way, however, the district court correctly dismissed the motion for lack of jurisdiction.

**Conclusion**

We deny Mr. Ezeah's request for a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk